# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOSEPH ZACHARY WOMBLE,    )
            )
      Petitioner,    )
            )
v.             )      **Case No. 17-CV-0366-JED-FHM**
            )
JEORLD BRAGGS,    )
            )
      Respondent.    )

## OPINION AND ORDER

Petitioner Joseph Zachary Womble, a state inmate appearing *pro se*, brings this 28 U.S.C. § 2254 habeas corpus action to challenge the constitutional validity of the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2011-3997. Before the Court is Respondent's motion to dismiss the habeas petition as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations (Doc. 22). Petitioner did not file a response to the motion.[1] For the reasons that follow, the Court finds that the habeas petition is untimely and that Petitioner fails to make the requisite showings to excuse the untimeliness of his petition. The Court therefore grants Respondent's motion and dismisses the petition for writ of habeas corpus, with prejudice, as time-barred.

---

[1] Respondent filed the motion to dismiss, along with a brief in support of the motion, on October 31, 2018. *See* Docs. 22, 23. Petitioner sought and obtained an extension of time to file a response, but did not file a response. *See* Docs. 24, 25.

## BACKGROUND

### I.     Negotiated guilty plea

On November 21, 2011, while represented by counsel, Petitioner entered a negotiated plea of guilty to one count of first-degree robbery, in violation of OKLA. STAT. tit. 21, § 798, after former conviction of a felony. *See* Doc. 23-1 (Plea of Guilty/Summary of Facts);[2] Doc. 23-2 (Judgment and Sentence). In support of his guilty plea, Petitioner admitted that on October 16, 2011, in Tulsa County, he "went into Walmart and into Arvest bank [and he] handed the teller a note telling them [he] had a gun and to give [him] money." Doc. 23-1, at 3. The trial court found Petitioner competent for the purpose of the plea hearing, found a factual basis for the guilty plea, and accepted Petitioner's plea as knowing and voluntary. *Id.* at 4-5. In accordance with the plea agreement, the trial court imposed a 13-year prison term, with the first 11 years to be served in custody and the last two years suspended. *Id.* at 5; Doc. 23-2, at 1. The trial court advised Petitioner of his appeal rights, and Petitioner indicated on the plea form that he understood those rights. Doc. 23-1, at 6.

Petitioner did not move to withdraw his plea within 10 days of his sentencing hearing, as required by Oklahoma law, and he did not pursue a timely appeal challenging

---

[2] In *Crofford v. Rudek*, 420 F. App'x 806, 808 n.7 (10th Cir. 2011) (unpublished), the Tenth Circuit Court of Appeals explained:

> In Oklahoma every guilty plea must be accompanied by a form detailing the particulars. *See* Rule 4.1 of the Rules of the Oklahoma Court of Criminal Appeals. The mandatory form includes, among other things: statement of facts summarizing what the defendant did; questions regarding the defendant's understanding of the range of punishments for the crimes pleaded guilty to; and questions regarding whether the defendant entered the guilty on his own free will without coercion and compulsion.

his conviction or sentence.  Doc. 23, at 1; Doc. 23-3, at 1; Doc. 23-7, at 2.

## II.     State court proceedings

Almost two years after his sentencing hearing, Petitioner began pursuing legal remedies in state court:

- On October 29, 2013, Petitioner filed a *pro se* request for a two-year judicial review. Doc. 23-3.  The state district court summarily denied Petitioner's request on November 15, 2013.  Doc. 23-4.

- On January 31, 2014, Petitioner filed a *pro se* motion for transcripts at public expense.  Doc. 23-5.  Petitioner specifically requested a transcript of the November 21, 2011, hearing and indicated he was preparing an application for post-conviction relief and request for an appeal out of time.  *Id.* at 2-3.  The state district court denied the motion by order signed February 14, 2014, and filed February 21, 2014.  Doc. 23-6.

- On June 13, 2014, Petitioner filed a *pro se* application for post-conviction relief in state district court, seeking an appeal out of time and alleging three propositions of error.  Doc. 23-7.  He alleged (1) the trial court abused its discretion by failing to hold a competency hearing, (2) he received ineffective assistance of counsel, rendering his plea involuntary, and (3) the trial court lacked subject-matter jurisdiction because Petitioner robbed a federally-insured bank.  *Id.*  By order filed December 9, 2014, the state district court found "nothing to support [P]etitioner's claim that he was denied an appeal through no fault of his own" and recommended

that Petitioner be denied an appeal out of time. Doc. 23-8, at 2-3.[3] Petitioner did

not appeal from the state district court's ruling. Doc. 23-12, at 3.

- On April 17, 2015, Petitioner filed a *pro se* "motion to withdraw guilty plea,"

  alleging his plea was not knowing and intelligent because "there was no factual basis

  for the plea." Doc. 23-9, at 1-2. On June 15, 2015, Petitioner moved to supplement

  the motion to withdraw plea with his claim that the trial court lacked jurisdiction

  over the crime of robbing a federally-insured bank. Doc. 23-10. The state district

  court construed these two motions, collectively, as a second application for post-

  conviction relief and denied relief in an order signed September 15, 2015, and filed

  September 18, 2015. Doc. 23-12. Petitioner filed a timely appeal. *See* Doc. 23-13

  (Petition-in-Error, filed Oct. 7, 2015). In an unpublished order filed January 12,

  2016, in Case No. PC-2015-0884, the Oklahoma Court of Criminal Appeals

  (OCCA) affirmed the denial of Petitioner's second application for post-conviction

  relief. Doc. 23-16. In doing so, the OCCA agreed with the state district court that

  Petitioner's claims "that he was not competent at the time he entered his plea and

  that he was denied the effective assistance of counsel" were either waived or

  procedurally barred. *Id.* at 1-2. The OCCA also stated, "Petitioner has

  **EXHAUSTED** his State remedies regarding the issues raised in the applications for

  post-conviction relief. Subsequent application on these issues is **BARRED**." *Id.* at

  2.

---

[3] Nothing in the state district court's order suggests that it considered the merits of Petitioner's three propositions of error. Doc. 23-8.

- On September 16, 2015, while the appeal from the denial of his second application for post-conviction relief was pending, Petitioner filed a third application for post-conviction relief in state district court. Doc. 23-14. Petitioner alleged (1) his plea was void because he was incompetent to enter a plea and there was no factual basis for his plea, (2) he was "innocent" of first-degree robbery because the facts supported that he committed second-degree robbery, (3) the indictment and information were "fatally defective" because they contained only the elements for second-degree robbery, (4) counsel was ineffective "at all stages of the proceeding," and (5) he should be resentenced because he did not receive a presentence investigation report. *Id.* at 2-7. In an order signed April 15, 2016, and filed April 21, 2016, the state district court denied Petitioner's third application for post-conviction relief. Doc. 23-17. The court found Petitioner's first, second and fourth propositions were barred by res judicata, found his fifth proposition was waived by his failure to assert it in prior post-conviction applications, and denied his third proposition on the merits. *Id.* at 5-7. In addition, the court notified Petitioner that he could be subject to sanctions if he continued to seek post-conviction relief on the same issues. *Id.* at 7-8. Petitioner did not appeal from the state district court's ruling.

- On October 3, 2016, Petitioner filed a state habeas petition in the District Court of Beckham County, asserting his incarceration was "illegal" because he was not competent when he pleaded guilty. Doc. 23-18. The court dismissed the petition for lack of jurisdiction on December 21, 2016. Doc. 23-19.

5

## III. Federal habeas proceeding

On April 3, 2017,[4] nearly four months after the dismissal of his state habeas petition, Petitioner filed the instant federal habeas petition in the United States District Court for the Western District of Oklahoma. Doc. 1. The case was transferred to this Court on June 23, 2017.[5] Doc. 6. Petitioner seeks federal habeas relief on three grounds: (1) "Petitioner pled guilty while incompetent in violation of his Fourteenth Amendment rights," Doc. 1, at 5, (2) "[t]he trial court failed to sua sponte order a competency hearing before accepting Petitioner's plea of guilty," *id.* at 7, and (3) "counsel ineffectively assisted Petitioner in violation of Petitioner's Sixth and Fourteenth Amendment rights," *id.* at 8.

In response to the petition, Respondent filed a motion to dismiss the petition as time-barred (Doc. 22), and a brief in support of the motion (Doc. 23). Respondent contends the petition is untimely under 28 U.S.C. § 2244(d)(1)(A) and the petition cannot be deemed timely through equitable tolling.

Petitioner acknowledges that his petition is untimely, but seeks equitable tolling of, or an equitable exception to, the statute of limitations based on his alleged mental

---

[4] The Clerk of Court for the United States District Court for the Western District received the petition on May 11, 2017. Doc. 1, at 1. However, Petitioner states, under penalty of perjury, that he placed the petition in the prison's legal mailing system on April 3, 2017. *Id.* at 15. Applying the prison mailbox rule, the Court deems the petition filed on April 3, 2017. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts.*

[5] The Court dismissed the petition, without prejudice, on August 17, 2017, citing Petitioner's failure to comply with the Court's orders, and entered a judgment of dismissal. Docs. 9, 10. On August 10, 2018, the Court granted Petitioner's motion for relief from judgment and reinstated the petition. Docs. 15, 16. Upon receipt of the filing fee, the Court ordered Respondent to show cause why the writ should not issue. Doc. 18.

incompetency.

## *ANALYSIS*

**I.     The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).**

As Respondent contends, and Petitioner acknowledges, the habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A).  *See* Doc. 1, at 13-14; Doc. 5, at 2; Doc. 23, at 5.  That provision requires a state prisoner seeking federal habeas relief to file a petition for writ of habeas corpus within one year of the date the prisoner's state-court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[6]

Petitioner was convicted and sentenced on November 21, 2011.  Docs. 23-1, 23-2. Petitioner did not move to withdraw his plea within 10 days of his sentencing hearing or timely seek direct review of his state-court judgment.  *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (noting that Oklahoma law requires criminal defendant to seek to withdraw guilty plea within 10 days of sentencing if defendant intends to appeal); Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019) (requiring criminal defendant who plans to pursue certiorari appeal to file application to withdraw guilty plea within 10 days of sentencing).  Petitioner's conviction thus became

---

[6] The one-year period may also commence on a later date under the circumstances described in 28 U.S.C. § 2244(d)(1)(B), (C) and (D).  As further discussed below, Petitioner seeks a later commencement date on the basis of his alleged mental incompetency, but not under any of these provisions.  *See infra* pp. 14-17.  Thus, like Respondent, the Court confines its timeliness analysis in this section of the opinion to the commencement date provided in § 2244(d)(1)(A).

final on December 1, 2011, when the time for seeking direct review expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (noting state prisoner's convictions became final under Oklahoma law 10 days after sentencing when prisoner did not move to withdraw plea or file direct appeal). His one-year limitation period commenced the next day, December 2, 2011. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (explaining limitation period begins to run day after triggering event). Absent statutory or equitable tolling, Petitioner's one-year period expired on December 3, 2012.[7] Applying § 2244(d)(1)(A), the petition for writ of habeas corpus, filed on April 3, 2017, is clearly untimely.

## II.    Petitioner cannot benefit from statutory tolling.

The Court agrees with Respondent that Petitioner cannot benefit from statutory tolling with respect to the one-year limitation period provided under § 2244(d)(1)(A). *See* Doc. 23, at 5-6. By statute, the one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, to benefit from statutory tolling, a state prisoner must "properly file" an application for post-conviction relief or other collateral review before the one-year limitation period expires. *Clark*, 468 F.3d at 714.

As previously discussed, Petitioner filed several motions and applications in state

---

[7] Petitioner's one-year limitation period would have expired on December 2, 2012, which fell on a Sunday. Petitioner thus had until December 3, 2012, to file a timely federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

district court, seeking post-conviction relief or other collateral review. *See supra*, pp. 3-5. But he did not file the first motion until October 29, 2013, when he sought judicial review of his sentence, pursuant to OKLA. STAT. tit. 22, § 982a.[8] This motion was filed over 10 months after the expiration of his one-year limitation period. Thus, neither the motion for judicial review, nor any of the subsequently-filed motions and applications, had any tolling effect. *See* 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714. As a result, unless Petitioner can show that he is entitled to equitable tolling of, or an equitable exception to, the one-year limitation period, his petition is time-barred.

### III. Petitioner's alleged mental incompetency does not warrant equitable tolling.

Petitioner seeks equitable tolling of the one-year limitation period based on his alleged mental incompetency. Doc. 1, at 13-14; Doc. 5, at 3-5. He contends he was "adjudicated incompetent and insane in 2011," before his November 2011 plea hearing, and did not regain competency until June 2014. Doc. 1, at 13-14; Doc. 5, at 4-5. Thus, he argues, his one-year limitation period did not commence until June 13, 2014, when he filed his first application for post-conviction relief in state district court. Doc. 1, at 13-14. Petitioner requests an evidentiary hearing and expansion of the record on the issue of whether his circumstances warrant equitable tolling. Doc. 5, at 3.

Because § 2244(d)(1)'s statute of limitations is not jurisdictional, it "is subject to

---

[8] The Tenth Circuit Court of Appeals has not resolved whether a motion filed under OKLA. STAT. tit. 22, § 982a is a motion for "collateral review" under § 2244(d)(2). *See Randall v. Allbaugh*, 662 F. App'x 571, 573 n.3 (10th Cir. 2016) (unpublished) (assuming § 982a motion tolls limitation period, but noting issue is unresolved in Tenth Circuit). However, even assuming Petitioner's motion for two-year judicial review qualifies as a tolling motion, it was filed too late to have any tolling effect.

equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To obtain equitable tolling, a habeas petitioner must demonstrate both (1) that he diligently pursued his federal claims and (2) that extraordinary circumstances prevented him from filing a timely federal habeas petition. *Id.* at 649; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (describing diligence and extraordinary circumstances as "two elements" habeas petitioner must establish to obtain benefit of equitable tolling).

Petitioner's request for equitable tolling rests on his allegation that he was mentally incompetent before, during, and after his plea hearing. In *Beister v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996), the United States Court of Appeals for the Tenth Circuit stated, in applying the 90-day statute of limitations applicable to a Title VII sexual harassment lawsuit, that it "ha[d] never held that mental incapacity tolls the statute of limitations." But the Tenth Circuit Court of Appeals noted that a "few courts" had recognized that mental incapacity may, if "exceptional circumstances" are shown, support application of equitable tolling principles. *Id.* Drawing from examples set out in *Beister*, the Tenth Circuit Court of Appeals has held, in the federal habeas context, that "[e]quitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity." *Alvarado v. Smith*, 713 F. App'x 739, 742 (10th Cir. 2017) (unpublished) (quoting *Reupert v. Workman*, 45 F. App'x. 852,

854 (10th Cir. 2002) (unpublished)).[9]

The habeas petitioner bears the burden to show that his mental illness was sufficiently severe, during the one-year limitation period, to prevent him from filing a timely habeas petition. *See id.* at 743 (rejecting habeas petitioner's general claim of incompetence which was not supported by evidence of mental incompetency *during* the one-year limitation period); *O'Bryant v. Oklahoma*, 568 F. App'x 632, 636 (10th Cir. 2014) (unpublished) (explaining that equitable tolling is warranted only in cases of "profound mental incapacity" such as when a prisoner is institutionalized or adjudicated mentally incompetent); *Smith v. Saffle*, 28 F. App'x 759, 760 (10th Cir. 2001) (unpublished) (noting that "exceptional circumstances" warranting equitable tolling based on mental incapacity "are not present where the party urging tolling has been able to pursue legal action during the period of his or her alleged incapacity").[10]

In support of his request for equitable tolling, Petitioner submitted a notarized

---

[9] The Court recognizes that unpublished circuit decisions are not precedential, but cites these and other unpublished decisions herein for their persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[10] Other circuit courts impose similar requirements when a habeas petitioner seeks equitable tolling on the basis of alleged mental incompetency. *See, e.g., Mayberry v. Dittman*, 904 F.3d 525, 530 (7th Cir. 2018) (explaining that "mental illness may toll a statute of limitations, but 'only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them'" (quoting *Obriecht v. Foster*, 727 F.3d 744, 750-51 (7th Cir. 2013))); *Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010) (concluding that "equitable tolling is permissible when a petitioner can show a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence").

affidavit, dated June 16, 2017. Doc. 5. In the affidavit, Petitioner states (1) he was voluntarily hospitalized at the Tulsa Center for Behavioral Health (TCBH) in August 2011, (2) the TCBH filed an "Emergency Detention petition" and, in August 2011, a Tulsa County district court judge ordered Petitioner involuntarily committed to the TCBH for two weeks, (3) upon his release, the state district court ordered him to obtain outpatient treatment, (4) he attempted suicide on October 15, 2011, and law enforcement officers transported him to the TCBH where he was examined by a psychologist and released the same day, (5) he was arrested on October 16, 2011, on the robbery charge underlying the conviction he challenges through the instant habeas petition, (6) he was housed in the Tulsa County Jail's mental health unit between October 2011 and November 2011, (7) he was "heavily medicated" during his November 21, 2011, plea hearing, (8) he was housed in the Tulsa County Jail's mental health unit in December 2011, (9) after being transported to state prison in January 2012, he received medications to treat his suicidal thoughts and auditory hallucinations, (10) his condition improved in April 2013, and (11) he filed his first application for post-conviction relief in June 2014, which, he states "was the first time in [his] incarceration that [he] understood [his] right to appeal [his] guilty plea and the AEDPA deadline." Doc. 5, at 4-5.

Even accepting Petitioner's allegations as true, the Court finds them insufficient to support Plaintiff's request for equitable tolling from the date his conviction became final on December 1, 2011, to the date he filed his first application for post-conviction relief on June 13, 2014. First, while Petitioner was briefly hospitalized in August 2011, pursuant to a court order, this event occurred *before* his one-year limitation period under

§ 2244(d)(1)(A) commenced on December 2, 2011. His two-week hospitalization, followed by an order for outpatient treatment, does not support that Petitioner was either institutionalized or adjudicated mentally incompetent during the applicable one-year limitation period or that he otherwise lacked the mental capacity to file a federal habeas petition during that period. *See Alvarado*, 713 F. App'x at 743.

Second, while Petitioner alleges he was incompetent and "heavily medicated" in November 2011 when he pleaded guilty, the plea form he signed in conjunction with his plea hearing suggests otherwise.[11] Petitioner, aided by counsel, completed and signed a plea form on November 16, 2011, memorializing Petitioner's negotiated guilty plea. Doc. 23-1. Through his written answers, Petitioner informed the trial court that (1) he was a high school graduate, (2) he could read and understand the plea form, (3) he was not "taking any medications or substances" that would affect his ability to understand the proceedings, (4) he previously had been treated or confined in a hospital for mental illness, (5) he had been diagnosed with "Bipolar & Borderline Personality disorder," (6) he received treatment through "Family/Children Services," and (7) he had been "medicated [with] Prozac, Depakote [and] Trazadone." Doc. 23-1, at 1. Petitioner further advised the trial

---

[11] While a defendant's answers on a written plea form are not conclusive evidence that a plea was knowing, voluntary and competent, reviewing courts nevertheless may consider those answers in making that determination. *See Hoffman v. Young*, 23 F. App'x 885, 887 (10th Cir. 2001) (unpublished). At this juncture, the question before the Court is not whether Petitioner was, in fact, competent to plead guilty, but rather whether Petitioner's alleged mental incompetency supports equitable tolling of the one-year limitation period. The Court finds Petitioner's answers on the plea form are relevant to that question.

court, through his answers on the plea form, that he understood (1) the nature and consequences of the plea proceeding, (2) the charges against him and the range of potential punishments, (3) the trial rights he would waive by entering a guilty plea, (4) the consequences of his decision to plead guilty, and (5) the "contents of the plea form," a form which he indicated he had reviewed with counsel before the hearing. *Id.* at 1-4. Moreover, defense counsel, through his signature on the plea form, indicated that he "believe[d] the [Petitioner] underst[ood] the nature, purpose and consequence(s) of [the plea] proceeding," and that Petitioner was able to assist counsel in formulating any defense to the charges. Doc. 23-1, at 4.[12] Finally, the trial court affirmatively found, on the basis of Petitioner's statements and behavior during the plea hearing, that Petitioner understood the nature, purpose and consequences of the plea proceeding, entered his guilty pleas knowingly and voluntarily, and was "competent for the purpose of [the plea] hearing."[13] Doc. 23-1, at 4. In short, the contents of the plea form—a form signed by Petitioner, defense counsel and the trial court in conjunction with a plea hearing—significantly undermine Petitioner's statements from his more recent affidavit that he was "heavily medicated" and mentally

---

[12] Defense counsel's statements are not determinative as to whether Petitioner was competent at the time of the plea or on the issue of equitable tolling. But "[d]efense counsel is often in the best position to determine whether a defendant's competency is questionable." *Bryson v. Ward*, 187 F.3d 1193, 1201 (10th Cir. 1999). Nothing in the record supports that counsel questioned Petitioner's competency.

[13] The trial court's findings are not conclusive as to whether this Court should grant Petitioner equitable tolling based on mental incompetency. However, those findings are "presumed correct" absent "clear and convincing evidence" to the contrary. *Bryson*, 187 F.3d at 1201; 28 U.S.C. § 2254(e)(1). Petitioner's statements in his affidavit and petition are insufficient to overcome that presumption.

14

incompetent during the plea hearing.

Third, Petitioner alleges that he was housed in the Tulsa County Jail's mental health unit in December 2011 and received medications to treat suicidal thoughts and hallucinations after being transported to state prison in January 2012. Doc. 5, at 5. These facts are pertinent to Petitioner's mental capacity during the first few months of his one-year limitation period. But, without more, these facts do not support that Petitioner's mental illness was so profound that it rendered him incapable of pursuing legal remedies during the entire one-year limitation period. *See, e.g.*, *Alvarado*, 713 F. App'x at 743 (finding habeas petitioner was not entitled to equitable tolling on allegations that he suffered "from seizures, major depression, dementia, memory loss, auditory hallucinations, psychosis, bipolar disorder, paranoid schizophrenia, and mood swings" and that he was "currently being treated at the prison's mental health facility"); *O'Bryant*, 568 F. App'x at 636.

In sum, the record shows that Petitioner was briefly hospitalized for mental illness in August 2011 before his conviction, was diagnosed with borderline personality disorder and bipolar disorder before his November 2011 plea hearing, received medications for suicidal thoughts and auditory hallucinations after being transported to state prison in January 2012, and noticed an improvement in his condition in April 2013. Doc. 5, at 4-5; Doc. 23-1, at 1. The record does not, however, support Petitioner's position that his mental illness was so severe that it rendered him incapable of pursuing legal remedies until June 2014, over one year after he alleges his mental condition improved. On the record presented, the Court finds Petitioner has not shown "exceptional circumstances" to support

equitable tolling based on his alleged mental incompetence.

## IV.    Even under Petitioner's view, his petition remains time-barred.

As previously stated, Petitioner asserts that he "regained" competency in June 2014, when he filed his first application for post-conviction relief in state court.  Doc. 1, at 14. Thus, he argues, with the benefit of equitable tolling, his one-year period began on June 13, 2014, and with the benefit of statutory tolling during this later commencing one-year period, his petition is timely.  *Id.*

For the reasons just discussed, the record does not support Petitioner's contention that he was mentally incompetent during the entire one-year limitation provided under § 2244(d)(1)(A), *i.e.*, from December 2, 2011, to December 3, 2012.  Likewise, the record does not support that Petitioner remained mentally incapacitated from December 2011 through June 2014.  As Respondent points out, the record shows that Petitioner filed two *pro se* pleadings in state district court *before* June 2014, namely, a motion for two-year judicial review, filed October 29, 2013, and a motion for transcripts at public expense, filed January 31, 2014.  Doc. 23, at 8-9; Doc. 23-3; Doc. 23-5.  These filings refute Petitioner's assertion that he remained incompetent until June 2014.  *See Smith*, 28 F. App'x at 760 (noting that equitable tolling based on mental incapacity generally is not warranted when "the party urging tolling has been able to pursue legal action during the period of his or her alleged incapacity"); *Beister*, 77 F.3d at 1268 (finding plaintiff's request for  right to sue letter from the EEOC demonstrated plaintiff "was capable of pursuing his own claim," despite his alleged mental incapacity).

However, even adopting Petitioner's view that he remained mentally incapacitated

until he began pursuing legal remedies in state court, the Court finds the petition would still be time-barred. Under this scenario, Petitioner's one-year limitation period commenced and was immediately tolled on October 29, 2013, when he filed a motion for two-year judicial review in state district court. Doc. 23-3. That motion remained pending until November 15, 2013, when the state district court denied relief. Doc. 23-4. Petitioner's one-year limitation period began to run the next day, November 16, 2013, and ran for 208 days before he filed his first application for post-conviction relief on June 13, 2014.[14] Doc. 23-7. The state district court denied Petitioner's first application for post-conviction relief on December 9, 2014, and Petitioner did not appeal. Doc. 23-8; Doc. 23-12, at 3. Thus, his one-year limitation period began to run again on January 10, 2015, the day after the 30-day time period to file an appeal expired. *See* OKLA. STAT. tit. 22, § 1087 (establishing 30-day appeal period); *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law."). At that point, Petitioner had 157 days remaining to file a timely federal habeas petition.

On April 17, 2015, after 96 of those days passed, Petitioner filed a "motion to

---

[14] Petitioner filed a motion for transcripts at public expense on January 31, 2014. Doc. 23-5. But that motion did not seek collateral review as contemplated in § 2244(d)(2) and thus had no tolling effect. *See Wall v. Kholi*, 562 U.S. 545, 553 (2011) (explaining that, for purposes of § 2244(d)(2), "collateral review of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process"); *Levering v. Dowling*, 721 F. App'x 783, 787 (10th Cir. 2018) (unpublished) (concluding Oklahoma prisoner's motion for transcripts and exhibits was akin to a motion seeking discovery and "not a motion for collateral state review").

withdraw guilty plea." Doc. 23-9. The state district court construed this motion, along with a motion to supplement, as a second application for post-conviction relief and denied the same on September 18, 2015. Doc. 23-12. The OCCA denied Petitioner's timely appeal from that ruling on January 12, 2016. Doc. 23-16. However, because Petitioner filed a third application for post-conviction relief on September 16, 2015, while his appeal was pending, his one-year limitation period remained tolled until the state district court denied his third application for post-conviction relief on April 21, 2016. Docs. 23-14, 23-17. Because Petitioner did not appeal the denial of his third application for post-conviction relief, his one-year limitation period began to run again on May 24, 2016, the day after the 30-day appeal period expired.[15] *See* OKLA. STAT. tit. 22, § 1087; *Gibson*, 232 F.3d at 804. At that point, Petitioner had 61 days, or until July 25, 2016, to file a timely federal habeas petition.[16]

Petitioner did not file the instant federal habeas petition until April 3, 2017, well beyond the July 25, 2016 deadline. And the state habeas petition he filed in Beckham County District Court on October 3, 2016, had no tolling effect because it too was filed after the July 25, 2016 deadline. 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714.

In sum, even applying Petitioner's view that his one-year limitation period did not

---

[15] Petitioner had until May 22, 2016, to file a timely appeal from the denial of his third application for post-conviction relief. Because that day fell on a Sunday, his appeal period expired the following Monday, May 23, 2016. *See* Fed. R. Civ. P. 6(a)(1)(C). Thus, his one-year limitation period began to run again on May 24, 2016.

[16] Petitioner's federal filing deadline would have been July 23, 2016, a Saturday. Thus, he had until the following Monday, July 25, 2016, to file a timely federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

commence until he "regained" competency and began filing legal pleadings in state district court, and even giving Petitioner every benefit of statutory tolling for that later commencing one-year limitation period, the federal habeas petition filed April 3, 2017, remains time-barred.

## V. Petitioner is not entitled to an equitable exception.

Finally, as an alternative to his request for equitable tolling, Petitioner appears to seek an equitable exception to the one-year statute of limitations. He contends the untimeliness of his petition should be excused because a "fundamental miscarriage of justice" would result from convicting a defendant who was incompetent to enter a guilty plea. Doc. 1, at 14. For support, Petitioner cites *Sena v. New Mexico State Prison*, 109 F.3d 652 (10th Cir. 1997). *Id.*

To date, the United States Supreme Court has recognized only one "equitable exception" to § 2244(d)(1)'s statute of limitations. In *McQuiggin v. Perkins*, 569 U.S. 383, 398 (2013), the Supreme Court held that a habeas petitioner "asserting a credible claim of actual innocence may overcome [the one-year] statute of limitations." Here, Petitioner does not assert an "actual-innocence" gateway claim or seek application of *Perkins*' equitable exception. Rather, he asks this Court to apply an equitable exception because he asserts a substantive competency claim. Doc. 1, at 14.

But his reliance on *Sena* to support that request is misplaced. Petitioner is correct that, in this circuit, a claim alleging a defendant was incompetent to stand trial, *i.e.*, a substantive competency claim, "cannot be procedurally barred." *Lay v. Royal*, 860 F. 3d 1307, 1315 (10th Cir. 2017); *see also Sena*, 109 F.3d at 654 (reasoning that "procedural

default does not apply" when habeas petitioner alleges substantive competency claim). However, as Respondent argues, these cases refer to the procedural bar that federal courts impose when habeas petitioners procedurally default their substantive competency claims in state court. *See Lay*, 860 F.3d 1318 (Briscoe, J., concurring) (collecting Tenth Circuit Court of Appeals' cases holding that "substantive competency claims asserted by state habeas petitioners cannot be procedurally defaulted"); *Vaughn v. Woody*, No. CIV-17-269-C, 2018 WL 4345283, at *8 (W.D. Okla. July 17, 2018) (unpublished report and recommendation) (rejecting habeas petitioner's reliance on *Sena* to support argument that substantive competency claim could not be time-barred and reasoning that *Sena* "involved allowance of a substantive incompetency claim despite a procedural default on the claim in state court"), *report and recommendation adopted by Vaughn v. Woody*, No. CIV-17-269-C, 2018 WL 4344474, at *1 (W.D. Okla. Sept. 11, 2018) (unpublished), *appeal dismissed by Vaughn v. Allbaugh*, Nos. 18-6175 & 18-6176, 2019 WL 2374249 (10th Cir. June 5, 2019) (unpublished).

Here, it appears from the record that Petitioner's substantive competency claim may have been procedurally defaulted in state court. However, Petitioner also failed to comply with the statute of limitations. *Sena* did not address this situation. 109 F.3d at 654-55. And Petitioner has not identified any other legal support for his position that a substantive competency claim cannot be time-barred. In fact, the law points in the opposite direction. *See, e.g.*, *Fisher v. Gibson*, 262 F.3d 1135, 1141-42, 1145 (10th Cir. 2001) (affirming district courts' dismissals of petitioner's three habeas petitions as time-barred and not subject to equitable tolling, notwithstanding petitioner's claims that he was mentally

incompetent when he entered his guilty pleas in three separate cases). Notably, *Sena* described a substantive competency claim as a due-process claim. *See* 109 F.3d at 655 ("Enforcement of a conviction based on a plea of an incompetent person is a denial of due process."). And the Tenth Circuit Court of Appeals generally has declined to carve out an equitable exception to the time bar simply because a petitioner alleges a due-process violation. *See, e.g.*, *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished) (reasoning that "[a]s with any other habeas claim," petitioner's due-process claim alleging state trial court lacked subject matter jurisdiction was "subject to dismissal for untimeliness"); *Gibson*, 232 F.3d at 803, 808 (10th Cir. 2000) (affirming dismissal of due process habeas claim as time-barred).

Based on the foregoing, the Court finds no legal support for Petitioner's request to apply an equitable exception to the one-year statute of limitations based on his assertion of a substantive competency claim.

## *CONCLUSION*

Petitioner filed his federal habeas petition well after his one-year limitation period under 28 U.S.C. § 2244(d)(1)(A) expired and neither statutory nor equitable tolling can extend that one-year limitation period to render the petition timely. Further, even assuming Petitioner's alleged mental incompetency could support equitable tolling and commencement of his one-year limitation period on October 29, 2013, and giving Petitioner every potential benefit of statutory tolling to this later commencing one-year period, his federal habeas petition remains untimely. Finally, there is no legal support for Petitioner's argument that a substantive competency claim can never be time-barred. As a

result, the Court grants Respondent's motion to dismiss and dismisses the petition, with prejudice, as time-barred.

## Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not debate the correctness of the Court's determination that the petition is time barred and not subject to equitable tolling, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Doc. 22) is **granted**.

2. The petition for writ of habeas corpus (Doc. 1) is **dismissed with prejudice**.

3. Petitioner's requests for expansion of the record and an evidentiary hearing on the issue of equitable tolling are **denied**.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

ORDERED this 18th day of July, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT